**GRAND AVENUE PARTNERS, L.P., Plaintiff–Appellee,**

v.

**Douglas GOODAN; Jean Barclay, Trustees of the E.W. Goodan Trust ("Trustees"), Defendants–Appellants.**

No. 96–56188.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 1998.

Decided Nov. 18, 1998.

---

Edward M. Fox (argued), and Heather C. Beatty, Burke, Williams & Sorensen, Los Angeles, California, for defendants-appellants.

James L. Goldman, Pircher, Nichols & Meeks, Los Angeles, California; Paul J. Matzger, Leland, Parachini, Steinberg, Matzger & Melnick, San Francisco, California, for plaintiff-appellee.

Before: BOOCHEVER, REINHARDT and RYMER, Circuit Judges.

## PER CURIAM:

We must decide whether a 1994 assignment of a leasehold interest in a 1926 ground lease was a novation such that the "gold clause" in the original lease is enforceable under 31 U.S.C. § 5118(d)(2) as part of an "obligation issued after October 27, 1977." "Gold clauses" became unenforceable when private ownership of gold was banned in 1933, see Joint Resolution of June 5, 1933, ch. 48, 48 Stat. 112, 113 (formerly codified at 31 U.S.C. § 463) (codified as amended at 31 U.S.C. § 5118(d)(2) (1988)), but the ban was repealed October 27, 1977 for obligations issued after that date. 31 U.S.C. § 5118(d)(2).

In this case a controversy arose among the current lessee of downtown Los Angeles property, Grand Avenue Partners L.P. (GAP); Sumitomo Bank; and Douglas Goodan and Jean Barclay, who are Trustees of the E.W. Goodan Trust which is the owner and successor of the original lessor, over the enforceability of the gold clause in light of Sumitomo Bank's 1994 assignment of its interest as lessee. The district court held in a published opinion that Sumitomo's assignment does not constitute a novation—and so is not an obligation issued after October 22, 1977 for purposes of § 5118(d)(2)—because the lessee/assignor was not completely relieved of liability by language in the original lease providing that the lessee/assignor shall be released from "all direct liability hereunder accruing" after an assignment. *Grand Avenue Partners, L.P. v. Douglas Goodan,* —— F.Supp. —— (C.D.Cal.1996). We agree. As we have jurisdiction, 28 U.S.C. § 1292(b), we affirm for reasons stated by the district court.

In addition to the arguments that were addressed by the district court, GAP also relies on *Trostel v. American Life & Cas. Ins. Co.,* 92 F.3d 736 (8th Cir.1996), *vacated,* —— U.S. ——, 117 S.Ct. 939, 136 L.Ed.2d 829 (1997), *reinstated,* 133 F.3d 679 (8th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 2359, 141 L.Ed.2d 728 (1998), which was decided after the district court's disposition. *Trostel* likewise involves a gold clause in a pre–1933 lease and a post–1977 assignment. It does not, however, affect the district court's reasoning, which we adopt, or the result in this case. Unlike GAP, the lessee in *Trostel* did not dispute that a valid new obligation was formed by the assignment, but rather contended that there was no novation as to the gold clause itself because the parties did not intend to incorporate that clause into the new lease.[1] Therefore, the court in

---

1. The Supreme Court vacated the first opinion for reconsideration in light of an intervening amendment in 1996 to § 5118(d)(2), which made gold clauses enforceable if the parties to a novation or assignment after October 22, 1977 "specifically agree to include a gold clause in the new agreement." Economic Growth and Regulatory Paperwork Reduction Act of 1996, Pub.L. No. 104–208, § 2609, 110 Stat. 3009–394, 3009–475 (codified as amended at 31 U.S.C. § 5118(d)(2)) (1996 amendment). That provision was, in turn, eliminated a year later. *See* Act of October 10, 1997, Pub.L. No. 105–61, § 641, 111 Stat. 1272, *1318 (codified at 31 U.S.C. § 5118(d)(2)) (1997 Amendment). The 1997 amendment governs this case, but the Eighth Circuit's opinion on remand applied the 1996 amendment. Under the 1996 amendment, the court again concluded that the substituted contract demonstrated explicit intent to include a gold clause in the new obligation.

*Trostel* had to construe the terms of the new contract, not, as is our task, the old one. Its conclusion that the parties to the new transaction did intend to revive the gold clause is thus not helpful in determining whether Sumitomo's transfer to GAP was a novation constituting a new obligation within the meaning of § 5118(d)(2).

AFFIRMED.